IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARKEIA SCOTT,
 *Plaintiff,*

 v.

STATE OF MARYLAND, ET AL.,
 *Defendants*.

Civil Action No. ELH-26-1509

**MEMORANDUM**

On March 13, 2026, plaintiff Markeia Scott, the mother and next friend of her minor son,[1]

filed suit in the Circuit Court for Baltimore City against defendants Maryland Capitol Police

("Capitol Police"); the Mayor and City Council of Baltimore (the "City"); the Maryland State

Police (the "MSP"); the State of Maryland (the "State"); and Officer Carlos Gomez. ECF 7 (the

"Complaint").  Plaintiff alleges that on March 13, 2023, Officer Gomez tased her eleven-year old

son while attempting to handcuff him, even though her son "never resisted arrest."  *Id.* ¶ 14; *see*

*id.* ¶¶ 8–9.[2]

Plaintiff asserts that the "action is brought under 42 U.S.C. § 1983 and Maryland tort law."

*Id.* ¶ 17.  She lodges five claims against defendants, but has not labeled them.  In Count I, plaintiff

alleges that Officer Gomez "acted in a negligent manner[.]"  *Id.* ¶ 28; *see id.* ¶¶ 27–31.  In Counts

II through V, plaintiff asserts claims against the Capitol Police, the City, the MSP, and the State,

claiming that Officer Gomez was acting "within the scope of his agency or employment" when he

---

[1] The name of plaintiff's son is redacted. *See* ECF 7.

[2] Leonard Gutkoska, Esquire, of the firm Hassan, Hassan & Tuchman, P.A., is identified as the attorney for plaintiff.  ECF 7 at 8–9.  In a filing in an unrelated civil case assigned to me, I have learned that Mr. Gutkoska may be on vacation.  I have taken this possibility into account in setting the deadline for a motion to rescind.

injured plaintiff.  *See id.* ¶¶ 32–43.

Plaintiff served the City with the suit on March 21, 2026.  ECF 12 at 2.  The State, the Capitol Police, and the MSP were served on March 25, 2026.  ECF 1 at 1–2.  As of today, the Docket does not reflect that plaintiff has served Officer Gomez with the Complaint or the summons.  *See* Docket; ECF 12 at 3.[3]  On April 17, 2026, the State, the Capitol Police, and the MSP (collectively, the "State Defendants") removed the case to federal court, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction with regard to plaintiff's state law claims, pursuant to 28 U.S.C. § 1367(a). ECF 1, ¶¶ 6, 8.[4]

The Court wrote to both sides by Order of May 7, 2026.  ECF 13.  In ECF 13, the Court alerted the State Defendants and the City that their responses to the suit were due by April 24, 2026.  *Id.* at 2.  The Court also instructed plaintiff's counsel, Mr. Gutkoska, "to advise the Court whether he intends to seek admission to this Court's bar, appear pro hac vice, or if another attorney will enter an appearance in this case," due by May 21, 2026.  *Id.*  Additionally, the Court instructed Ms. Scott "to file a status report with the Court, indicating, among other things: (1) Whether she intends to represent herself as next friend to her son; and (2) Whether plaintiff intends to move for an order of default with respect to defendants Capitol Police, the City, the MSP, and the State", due by May 21, 2026.  *Id.*

A copy of the Order (ECF 13) was mailed to plaintiff, plaintiff's counsel, and counsel for the City.  *Id.* at 3.  The Order was also emailed to counsel for plaintiff and the City.  *Id.* at 2.

On May 8, 2026, the City filed its "Consent Motion for an Extension of Time in Which To File a Response to Plaintiff's Complaint", asking the Court to extend until May 22, 2026, the City's

---

[3] The Clerk of Court issued a summons for Officer Gomez on June 11, 2026.  ECF 27.

[4] The City does not oppose removal. ECF 12 at 2–3.

deadline to respond to the Complaint.   ECF 15 ("Consent Motion"), ¶ 6.  The Court granted the Consent Motion.  ECF 16.

Of import, in the Consent Motion, the City averred that its "failure to timely respond [to the Complaint] resulted from efforts to confer with Plaintiff's counsel, Mr. Leonard Gutkoska, regarding whether Plaintiff would voluntarily dismiss the City without the need for motions practice."  ECF 15, ¶ 3.  In particular, the City claimed: "[B]y email dated May 6, 2026 (one day before the Court's Letter Order) undersigned counsel advised Mr. Gutkoska that the City's investigation determined that Gomez, the alleged primary tortfeasor identified in the Complaint, is not a Baltimore Police Department officer."  *Id.*; *see* ECF 15-1 (5/6/2026 email from the City's counsel to plaintiff's counsel).  And, according to counsel for the City, on May 8, 2026, the City's counsel and plaintiff's counsel spoke over the phone.  ECF 15, ¶ 4.  The City's attorney claimed that in that conversation, Mr. Gutkoska stated that he "anticipate[d] voluntarily dismissing the City" but had to confer with plaintiff before so moving.  *Id.*

On May 11, 2026, the State Defendants jointly moved for an extension of time to respond to the Complaint, proposing a new deadline of May 22, 2026. ECF 17.  Notably, the State Defendants advised, *id.* ¶ 4 (emphasis added):

> Counsel was also overly optimistic that his efforts to confer with Plaintiff's counsel would lead to the dismissal of 42 U.S.C. §1983 claims against the State Defendants or other agreement that would streamline the litigation.  Counsel made good faith efforts to communicate with Plaintiff's counsel for the purpose of discussing the possible voluntary dismissal of 42 U.S.C. § 1983 claims against the State Defendants, service of process on Defendant Lt. Gomez, and conferring regarding the content of a possible future scheduling order.  Counsel first contacted Plaintiff's counsel, Leonard Gutkoska, Esq., on March 31, 2026 (by telephone and email), and then sent follow up emails on April 17, 23 and 30, 2026.  *Unfortunately, Mr. Gutkoska did not respond* and there was no discussion regarding streamlining the litigation.

Nevertheless, as to the State Defendants' extension request, counsel for the State Defendants spoke with plaintiff's counsel on May 8, 2026.  *Id.* ¶ 8.  And, on May 11, 2026,

"Plaintiff's counsel authorized undersigned counsel to note Plaintiff's consent to" the proposed extension. *Id.* The Court granted the motion for an extension. ECF 18.

Plaintiff timely submitted a status report to the Court on May 21, 2026, in accordance with the Court's Order of May 7, 2026 (ECF 13). *See* ECF 21 (the "Status Report"). In the Status Report, Mr. Gutkoska indicated that he is "represent[ing] the Plaintiff in this matter" and would contemporaneously file an entry of appearance. *Id.* at 1. Further, Mr. Gutkoska asserted: "Plaintiff does not intend to move for an Order of Default against Defendants Capitol Police, the City, the MSP, or the State." *Id.*

The MSP, the Capitol Police, and the State moved to dismiss the Complaint on May 22, 2026, pursuant to Fed. R. Civ. P. 12(b)(6). ECF 22. It is supported by a memorandum (ECF 22-1) (collectively, the "State Motion"). On the same date, the City moved to dismiss the Complaint, pursuant to Rule 12(b)(6), also supported by a memorandum. ECF 23; ECF 23-1 (collectively, the "City Motion"). I shall refer to ECF 22 and ECF 23 collectively as the "Motions." In general, a response in opposition to a motion shall be filed within fourteen days of service of the motion. Local Rule 105.2.a. Accordingly, plaintiff's response to the Motions was due by **June 5, 2026**.

Plaintiff failed to respond to the Motions. *See* Docket. Therefore, the Court wrote to plaintiff's counsel on June 9, 2026 (ECF 24), noting that plaintiff did not respond to the Motions, and directing plaintiff's counsel to submit a status report, due by **June 23, 2026**. However, no status report was filed. *See* Docket.

But, in the interim, on June 11, 2026, plaintiff's counsel submitted a proposed summons to the Clerk of Court for Officer Gomez. ECF 25. That is the last docket entry for plaintiff in this case.

On July 7, 2026, the Court again wrote to plaintiff's counsel and directed him "to submit a status report to the Court by **July 24, 2026**, indicating whether plaintiff intends to oppose the motions to dismiss." ECF 28. Further, the Court advised: "[I]f plaintiff's counsel fails to respond by **July 24, 2026**, the Court may dismiss the suit for failure to comply with court orders." *Id.* The Court also mailed a copy of the Order directly to plaintiff. *See* ECF 28.

As of today, plaintiff's counsel has not complied with either Court Order (ECF 24; ECF 28). *See* Docket. Nor has plaintiff's counsel or plaintiff responded to the Motions.

"A court may dismiss a case for failure to prosecute or comply with court orders. It can do so pursuant to its inherent power to manage its own affairs." *Burrell v. Shirley*, 142 F.4th 239, 249 (4th Cir. 2025); *see Hairston v. Multi-Channel TV Cable Co.*, 79 F.3d 1141, at \*3 (4th Cir. 1996) (per curiam) ("A district court may dismiss a complaint based upon a plaintiff's failure to comply with court orders.").

Of import, "[c]lients are 'accountable for the acts and omissions of their chosen counsel.'" *Lincoln v. City of Greenville*, BO-10-21, 2011 WL 285231, at \*4 (E.D.N.C. Jan. 26, 2011) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993)). For example, the Supreme Court has said: "[A] client may be made to suffer the consequence of dismissal of its lawsuit because of its attorney's failure to attend a scheduled pretrial conference." *Pioneer*, 507 U.S. at 396 (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)).

As noted, suit was filed on March 13, 2026. ECF 7. Of concern to the Court, the statute of limitations appears to have expired since the suit was filed. *See Grant v. Prince George's Cnty., Maryland*, TDC-21-2171, 2023 WL 6128132, at \*6 (D. Md. Sept. 18, 2023) ("[F]or § 1983 claims brought in Maryland, courts apply Maryland's general civil statute of limitations of three years."). Nevertheless, plaintiff's counsel has not complied with Court orders, as outlined above.

In light of the failure of plaintiff's counsel to comply with two Court Orders (ECF 24; ECF 28), the Court will dismiss plaintiff's suit, without prejudice, and with the right of plaintiff to move to rescind this Order for good cause, and to reopen the case, due by **August 27, 2026**.

An Order follows.

Date:   August 4, 2026                                    _____/s/_____

Ellen Lipton Hollander
United States District Judge